HURWITZ, Circuit Judge,
concurring in part and dissenting in part:
I concur in the memorandum disposition except insofar as it affirms the district court’s summary judgment rejecting Jones’ Eighth Amendment claim arising out of exposure to environmental tobacco smoke (ETS).
A prisoner “states a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health.” Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Jones’ uncontested submission that he was incarcerated with “heavy smokers,” and the defendants’ admission that smoking was only allowed in the cell, with closed windows, raises a question of material fact as to whether Jones was “exposed to unreasonably high levels of ETS.” Id. at 35-36, 113 S.Ct. 2475.
A jury could also reasonably conclude that prison officials “deliberately ignored” an “excessive risk to inmate health.” Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). Jones’ medical records indicated a need for a smoke-free environment, and the defendants presented no evidence of any change in his medical condition since that classification.